# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRYSTAL MINTZ | * |
| 8913 Chester Grove Terrace | |
| Upper Marlboro, Maryland 20774 | * |
| *Plaintiffs* | * |
| v. | *   Case No.: |
| PATEL, QI & BHANGRA DENTAL CARE, P.A. | * |
| 7556 Teague Road | * |
| Hanover, Maryland 21076 | |
| | * |
| *Defendant* | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S COMPLAINT

COME NOW the Plaintiff, Crystal Mintz, by and through her attorney, Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, s, and hereby sues the Defendant, Patel, Qi & Bhangra Dental Care, P.A. In support thereof, Plaintiffs state as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff, Crystal Mintz, is a resident of Prince George's County, Maryland.

2. Defendant, Patel, Qi & Bhangra Dental Care, P.A., d/b/a Horizon Family Dental Care, is a professional corporation organized under the laws of the State of Maryland.

3. Venue is proper before this Honorable Court, as the Maryland is the locale in which all events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

4. Jurisdiction is proper before this Honorable Court as Plaintiff has asserted violations of federal statutes and other such claims that are so related as to form part of the same case or controversy. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

## FACTS COMMON TO ALL COUNTS

5. At all times relevant hereto until otherwise indicated, Plaintiff had been employed by the Defendant as Front Office Manager, before being demoted to a Patient Care Coordinator.

6. Plaintiff began working for Defendant in her role as a Front Officer Manage in October 2020.

7. Plaintiff was, at all times relevant hereto, an excellent employee that dutifully and responsibly carried out her duties as an employee.

8. Plaintiff was, at all times relevant hereto, an African-American.

9. During Plaintiff's employment with the Defendant, Plaintiff was constantly harassed by a co-worker of Thai descent, Jackie Hamilton. More specifically, Ms. Hamilton repeatedly called the Defendant's African-American employees, including Plaintiff, "monkeys," made complaints about the number of African-American employees employed by the Defendant, and specifically stated her hate of African-Americans in the workplace.

10. Plaintiff complained to the Defendant about Ms. Hamilton's conduct, however, no action was taken by the Defendant to correct Ms. Hamilton's conduct or otherwise discipline her for the same.

11. Plaintiff again complained to the Defendant about the ongoing conduct of Ms. Hamilton in October 2021. Defendant refused to take action. Furthermore, following Plaintiff's complaints, Plaintiff was subjected to a demotion from Front Officer Manager to Patient Care Coordinator, which included a reduction in wages from a $60,000.00 per year salary to an hourly wage of $24.00.

12. Defendant refused to provide an explanation for the demotion and provided Plaintiff's former position to someone outside of Plaintiff's protected class.

13. Feeling that she had no other choice in light of Defendant's refusal to address Ms. Hamilton's ongoing racial harassment, as well as the retaliation taken against Plaintiff for Plaintiff's complaints of Ms. Hamilton's harassment, Plaintiff resigned on March 3, 2022.

14. Plaintiff filed a Charge of Discrimination, Charge No. 531-2022-02263, on or about April 25, 2022 with the Equal Employment Opportunity Commission. This was amended on or about September 12, 2022.

15. Plaintiff subsequently received a right to sue letter on January 10, 2023.

## COUNT I
### (Racial Discrimination)

16. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully stated herein.

17. It is unlaw for an employer to discharge or otherwise discriminate against an employee because of the employee's race. 42 U.S.C. § 2000e-2(a)(1); Md. Code Ann., State Gov't § 20-606 (a).

18. Plaintiff was, at all times relevant hereto, an employee of the Defendant.

19. Plaintiff was, at all times relevant hereto, an African-American.

20. Plaintiff was constructively discharged by the Defendant due to Plaintiff's race.

21. Defendant, despite having full knowledge of the racial harassment being committed by its employee, Ms. Hamilton, refused to correct or otherwise discipline Ms. Hamilton's behavior, despite repeated complaints about the same.

22. Plaintiff was demoted from her position due to her protected class as an African-American.

23. Similarly situated employees outside of Plaintiff's protected class did not experience the same type of racial harassment to which Plaintiff was exposed. Likewise, similarly situated employees outside of Plaintiff's protected class were not demoted without basis or explanation.

24. Therefore, Defendant discriminated against Plaintiff on the basis of Plaintiff's race.

25. As a direct and proximate result of Defendant's discrimination, Plaintiff has sustained, and continues to sustain, damages, including, but not limited to, lost wages and emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT II
### (Hostile Work Environment)

26. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully stated herein.

27. It is unlaw for an employer to discharge or otherwise discriminate against an employee because of the employee's race. 42 U.S.C. § 2000e-2(a)(1); Md. Code Ann., State Gov't § 20-606(a).

28. Plaintiff was regularly subjected to severe, pervasive, and unwelcome harassment by the Defendant, by and through its employee, Ms. Hamilton, on the basis of Plaintiff's race.

29. More specifically, Ms. Hamilton repeatedly called the Defendant's African-American employees, including Plaintiff, "monkeys," made complaints about the number of African-American employees employed by the Defendant, and specifically stated her hate of African-Americans in the workplace.

30. Despite complaints about Ms. Hamilton's harassment, Defendant refused to take any action or discipline against Ms. Hamilton to correct her behavior or otherwise prevent the harassment from continuing.

31. Plaintiff was made exceedingly uncomfortable by the abusive atmosphere created by Ms. Hamilton's comments and actions, as well as by the Defendant's failure to properly address the same.

32. Therefore, Defendant created a hostile work environment and is liable for the same.

33. As a direct and proximate result of Defendant's hostile work environment, Plaintiff has sustained, and continues to sustain, damages, including, but not limited to, lost wages and emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

### COUNT III
### (Retaliation)

34. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully stated herein.

35. It is unlawful for an employer to retaliate against an employee for opposing discrimination or such actions that are reasonably suspected to be discriminatory. 42 U.S.C. § 2000e-3(a); Md. Code Ann., State Gov't § 20-606(f).

36. In retaliation for Plaintiff's complaints regarding Ms. Hamilton's racial harassment, Defendant demoted Plaintiff from Front Officer Manager to Patient Care Coordinator, which included a reduction in wages from a $60,000.00 per year salary to an hourly wage of $24.00.

37. Therefore, Defendant retaliated against Plaintiff for opposing racial discrimination and harassment in the workplace.

38. As a direct and proximate result of Defendant's retaliation, Plaintiff has sustained, and continues to sustain, damages, including, but not limited to, lost wages and emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

Respectfully Submitted,

*/s/Christopher J. Smith*
Christopher J. Smith, Esq.
Bar No. 20459
The Law Office of Christopher J. Smith, LLC
17 West Jefferson Street, Suite 100
Rockville, Maryland 20850
(301) 760-7460 (Office)
(301) 760-7469 (Direct)
cjs@christopherjsmithlaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff respectfully requests a trial by jury as to all issues raised herein.

*/s/Christopher J. Smith*
Christopher J. Smith, Esq.